**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )
WILMER RUBEN ESPINAL ALVARADO,          )
                                        )
       Petitioner,                      )
                                        )     Civil Action
v.                                      )     No. 20-10309-PBS
                                        )
ANTONE MONIZ,                           )
                                        )
       Respondent.                      )
_____)

**MEMORANDUM AND ORDER**

April 23, 2020

Saris, D.J.

**INTRODUCTION**

    Petitioner Wilmer Ruben Espinal Alvarado brings this habeas petition seeking a bond hearing before an immigration judge. Although an immigration judge determined Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c), Petitioner argues this was legal error. In the alternative, Petitioner seeks relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019) because his mandatory detention without a bond hearing has become unreasonably prolonged.

    For the reasons stated below, the Court hereby **ALLOWS** the amended petition (Docket No. 10) and **ORDERS** that Petitioner

1

receive, within seven calendar days, a bond hearing at which the Government must prove that Petitioner is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. See Reid, 390 F. Supp. 3d at 228. The immigration court may not impose excessive bail, must evaluate Petitioner's ability to pay in setting bond, and must consider alternative conditions of release such as GPS monitoring that reasonably assure the safety of the community and Petitioner's future appearances. Id.

## FACTS

### I. Legal Status and Criminal History

Petitioner is a citizen of Honduras who entered the United States without authorization at an unknown time. He currently has no legal status.

In May 2016, a complaint was brought against the Petitioner in New Hampshire for possession of less than 5 grams of marijuana. On the complaint, a box is checked for "VIOLATION." Dkt. 10-5 at 5.[1] The "Revised Statute Annotated Name" is listed as "Possession of a Controlled Drug." Id. On the disposition sheet, the box next to "Guilty" is checked under the heading "PLEA." Id. at 6. Petitioner was charged a $350 fine and penalty

---

[1] It appears that the box for "CLASS B MISDEMEANOR" was originally checked but was then substituted with "VIOLATION."

assessment of $84. He was not sentenced to any term of incarceration.

A "violation" is a civil offense under New Hampshire law. By statute, "[a] violation does not constitute a crime and conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense." N.H. Rev Statute § 625:9.

**II.   Immigration Detention and Proceedings**

Petitioner has been held in immigration detention since June 6, 2019, after local police contacted ICE in connection with a motor vehicle violation.

Petitioner had an initial hearing on July 30, 2019. Petitioner's counsel requested a bond hearing and argued Petitioner was eligible for bond, but the Immigration Judge decided that Petitioner's 2016 New Hampshire violation rendered his detention mandatory under 8 U.S.C. § 1226(c)(1)(A). Petitioner reserved the right to appeal that determination but did not do so.

After a series of additional proceedings, the immigration judge issued an order of removal on December 4, 2019. Petitioner appealed his removal order to the BIA on December 23, 2019 and that appeal remains pending.

On December 16, 2019, counsel filed a second bond motion, arguing that the immigration judge committed legal error by

3

finding Petitioner subject to mandatory detention. The immigration judge denied a bond hearing on the basis that counsel had previously made the same argument and had not appealed the immigration judge's decision to the BIA.

## DISCUSSION

Petitioner first argues the immigration judge's determination that he is subject to mandatory detention under 8 U.S.C. § 1226(c) was erroneous because his 2016 New Hampshire violation is not a qualifying criminal conviction. Petitioner contends he is instead detained under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing before an immigration judge. Respondent argues that, under 8 U.S.C. § 1252(b)(9), the Court lacks jurisdiction to review an immigration judge's determination that a petitioner's criminal history triggers mandatory detention under 8 U.S.C. § 1226(c).

The jurisdictional question is complex. See Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 464 (D. Mass. 2010) (finding court lacked jurisdiction to consider whether petitioner was properly detained under § 1226(c)). But see Jennings v. Rodriguez, 138 S. Ct. 830, 840 (2018) (in plurality opinion, rejecting an "extreme" interpretation of § 1252(b)(9) that would "make claims of prolonged detention effectively unreviewable"). While Petitioner does appear to have been improperly classified and parties have cited no case in which a civil violation for

4

simple possession of marijuana triggered mandatory detention, that analysis is also a difficult one. See In Re Eslamizar, 23 I. & N. Dec. 684, 687 (BIA 2004) (finding formal judgment of guilt on third-degree theft "violation" was not a "conviction" for purposes of the Immigration and Nationality Act). But see 8 U.S.C. § 1182(a)(2)(A)(i)(II) (rendering inadmissible any noncitizen "who admits having committed . . . a violation of . . . any law or regulation of a State . . . relating to a controlled substance").

Nonetheless, even assuming Petitioner is properly subject to mandatory detention, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

Petitioner has been detained for almost eleven months. Mandatory detention of less than one year without a bond hearing may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220. Here, Petitioner's appeal to the BIA was filed four months ago and the BIA has not yet acted on it. Particularly in light of the unprecedented risk that the current COVID-19 pandemic poses to those in detention facilities, it is unreasonable to continue to detain Petitioner

without a bond hearing based on a civil violation related to simple possession of marijuana.

## ORDER

The amended petition for a writ of habeas corpus (Docket No. 10) is accordingly **GRANTED**. Respondent's motion to dismiss (Docket No. 15) is **DENIED**.

The Court **ORDERS** that Petitioner be released unless he receives, within seven calendar days, a bond hearing that complies with the requirements of the declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201, 228 (D. Mass. 2019).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge